LAW OFFICES OF
**KIRSCH-GOODWIN & KIRSCH, PLLC**
8900 E. PINNACLE PEAK ROAD, SUITE 250
SCOTTSDALE, ARIZONA 85255
(480) 585-0600
FAX (480) 585-0622
Hope N. Kirsch, #018822
hope@kgklaw.com
Lori B. Kirsch-Goodwin, #016233
lkg@kgklaw.com
*Attorneys for Plaintiff Warren Gers*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| WARREN GERS | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| VANTAGE WEST CREDIT UNION, | |
| Defendants. | |

Plaintiff **WARREN GERS**, by and through his undersigned counsel, **KIRSCH-GOODWIN & KIRSCH, PLLC**, hereby files this Complaint and sues Defendant **VANTAGE WEST UNION** (hereinafter "VANTAGE WEST") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, as well a state law claims as outlined below and alleges as follows:

**INTRODUCTORY STATEMENT**

1. Plaintiff WARREN GERS, brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant VANTAGE WEST throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-nine years having been signed into law on July 26, 1990. The State law claims are brought in this action as well as brought pursuant to Supplemental jurisdiction.

2. In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

3. This case arises out the fact that Defendant VANTAGE WEST has operated its business and its websites, in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation or service establishment, namely the Defendant's websites fail to allow the visually impaired to have the same access as those without visual impairment.

4. Defendant VANTAGE WEST, offers banking services online and in person and is in the business of providing banking, saving and other services, including financial services, to members of the general public including those individuals that have been deemed disabled by Social Security Disability.

5.   Defendant VANTAGE WEST, offers various websites which are directly connected to the banking, savings and other services, including financial services that they offer, and such websites should offer accessibility to their clients and customers with all types of disabilities including people with visual impairments.

6.   That the websites of the defendant, VANTAGE WEST, are a place of public accommodation and their various websites are service establishments, within the meaning of the applicable law including but not limited to the Americans with Disability Act (ADA) as referred to above and that defendant also maintains physical locations where they offer banking, saving and other services including financial services.

7.   This is an action to put an end to civil rights violations committed by Defendant VANTAGE WEST, against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology and websites that are in fact accessible per established standards.

## **JURISDICTION AND VENUE**

8.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §1331, and 28 C.F.R. § 36.201. There is supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

9.  This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services including banking and saving services.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the plaintiff resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

11. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

### THE PLAINTIFF WARREN GERS

12. Plaintiff WARREN GERS is a resident of the state of Arizona and resides within the judicial district of the District of Arizona, is sui juris, is disabled as defined by the ADA and the Rehabilitation Act.

13. Plaintiff WARREN GERS suffers from what constitutes a "qualified disability" under the ADA. Plaintiff WARREN GERS is legally blind with a vision disability and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

### THE DEFENDANT VANTAGE WEST CREDIT UNION

4

14. Defendant VANTAGE WEST is an Arizona Domestic Credit Union formed in 2006 and offers banking, saving and other services, including financial services to individuals across the State of Arizona.

15. At all times material hereto, the Defendant VANTAGE WEST operated numerous websites for the benefit and accommodation of individuals in order to allow them to enjoy the services they offer and bank, save and do other things.

16. Defendant VANTAGE WEST is authorized to conduct, and is conducting, business within the State of Arizona and within the jurisdiction of this court.

## THE FACTS

17. The Defendant's various websites, inter alia, https://vantgewest.org https://secure.Vantage Westwest.org/Authentication/QA and https://secure.Vantage Westwest.org/DashboardV2 offered to provide its clients, a portion of which are disabled visually and otherwise, information on the various aspects of their banking, savings and other financial and also allows customers to manage and transact online financial transactions.

18. That the defendant maintained an "APP", (an application for smartphones) named "Vantage West Credit Union" available in the Apple App store and on Google play.

19. The various aforementioned, VANTAGE WEST websites and APP, also allow the general public access to manage their banking, savings and other financial transactions related to their accounts. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7) and must comply with the ADA. This

5

means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public. As such, the Defendant has subjected itself and the websites it has created and maintains, to the Americans with Disabilities Act ("ADA").[1]

20. Plaintiff WARREN GERS, is a customer, member and account holder of VANTAGE WEST and is interested in making use of the online platforms and the APP, to manage his money and carry out financial transactions, as offered through the Defendant's various websites.

21. Plaintiff WARREN GERS frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites plaintiff WARREN GERS uses commercially available screen reader software to interface with the various websites.

22. In order to comprehend the Defendant's website and to become informed of the Defendant's services, the plaintiff WARREN GERS must use screen reader software.

23. Online banking, saving and other financial services are a highly sought-after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities."( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities - Presented on February 7,2012.

24. That the plaintiff, WARREN GERS, has been a member of the defendant's credit union since 2005 and starting in 2014 began using the websites of the defendant to access the information relative to his various accounts.  That the various sites and APP were accessible but since April 2019, have become inaccessible.  More specifically, on various occasions from April 17, 2019 on a daily basis to the present, the Plaintiff attempted on several occasions to utilize the Defendant's APP and website to manage and control his accounts and conduct financial transactions.  The Plaintiff utilizes different screen Reader software (hereinafter referenced as "screen reader software"), which is a popular way that is utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

25. The plaintiff also intends to return to the APP and the websites on a daily basis in order to ascertain the accessible and maintain his various accounts that he keeps with defendant and does not intend to close.

26. However, the Defendant's websites and APP are not accessible, and do not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website or APP to permit access for visually impaired through other means.

27. Plaintiff WARREN GERS attempted to get clarification from the Accessibility information on the websites and was unsuccessful in his attempt to access and navigate the website or navigate the APP.  What was found did not inform the plaintiff of future plans for accessibility[2].

---

[2] Other online sites have taken steps to notice and inform disabled users of their website programming plans

28. The fact that Plaintiff WARREN GERS could not access the Defendant's websites and APP, he felt as if another door had been slammed in his face, as he is/was unable to participate in the experience online as experienced by the general public, 29 years after the Title III of the ADA was enacted and which promised to remove such barriers.

29. Plaintiff WARREN GERS continues to desire to patronize the Defendant's websites and APP, but is unable to do so as he is unable to comprehend the Defendant's website and APP, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

30. The Defendant's websites and APP, do not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

31. The Defendant's website and APP is/was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

32. The Defendant's website and APP is/was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

---

and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/comDanv-information/online-policies/web-accessibilitv
http://www.tiffanv.com/Service/Accessibilitv.aspx?isMenu=l«fe

http://www.potbellv.com/Companv/Accessibilitv.aspx

33. On information and belief, the Defendant has not initiated an adequate Web Accessibility Policy to insure full and equal use of its website by individuals with disabilities.

34. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

35. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

36. On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

37. On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

38. On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

39. On information and belief, the Defendant has not instituted an adequate Web Accessibility Testing program.

40. On information and belief, the Defendant's websites and APP do not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 AA Basic Level of web accessibility[3].

---

[3] developed by the Web Accessibility Initiative( WAI) working group of the World Wide Web Consortium

41. On information and belief, the Defendant does not have Web Accessibility Policy.

42. Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, at Vantage Wests and accommodations provided by and through its various websites and APP.

43. Under the ADA, all places of public accommodation must ensure that disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures

44. Public Accommodations that use the Internet and APPs for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

45. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet and APPs are one of the few available means of access to the necessary transactions that are everyday transactions in our society.

46. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites and APPs, such as the Defendant's websites and APPs. This is evidenced by the variety of additions to the commentary of the ADA that has been added since it was signed into law in 1990.

47. On information and belief, the Defendant is aware of these common access barriers within its website and APP which prevent individuals with disabilities who are

which defined how to make Web content more accessible to people with disabilities (W3C)

1
2
3

visually impaired from the means to comprehend its website to become informed of its products and services and pay their accounts online. In fact, the plaintiff has repeatedly complained to the defendant about the inaccessibility of its websites and APP.

4
5
6

48. On information and belief, the Defendant is aware of need to provide full access to all visitors of their websites and APP.

7
8

49. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

9
10
11

50. Such barriers result in punishment and isolation of blind and low vision from the rest of society.

12
13

51. The Defendant has refused to make its website and APP accessible to individuals with disabilities who are visually impaired.

14
15
16

52. According to the National Federation for the Blind[4], there are 6,670,300 Americans with visual disabilities.

17
18
19
20
21

53. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff WARREN GERS. The Defendant is operating in violation of Plaintiff WARREN GERS's rights as protected by the ADA and plaintiff is entitled to injunctive relief. 42 U.S.C. §12188.

22
23
24

54. Plaintiff WARREN GERS has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive

25
26

---

[4] Statistics for 2012, see http://www.NFB.org/blindness-statistics

relief is his only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

55. Plaintiff WARREN GERS and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

56. Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

57. The Plaintiff has retained the attorneys for this matter and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

58. Plaintiff WARREN GERS re-alleges and incorporates by reference the allegations set forth in ¶s 1-57 above.

59. The Department of Justice has long taken the position that the websites and APPs of private entities that are public accommodations are covered by the ADA. In other words, the websites and APPs of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[5].

---

[5] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities - Presented on February 7,2012.

60. As a result of the inaccessibility of the Defendant's websites and APPs and by the barriers to access in its website (when removal of those barriers is readily achievable) and APPs, the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its various websites, in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. S12182 et. seq.

61. Pursuant to the ADA, the websites and APPs of the defendant are a place of public accommodation and/or a service establishment, under the ADA in that it provides customers a portal by which to make financial transactions online.

62. As such, the Defendant's websites and APPs must be in compliance with the ADA. However, the Defendant's website was and continues to be not in compliance with the ADA. Plaintiff WARREN GERS has suffered an injury in fact because of the websites (and Defendant's) noncompliance with the ADA.

63.     Types of website programming errors include (but are not limited to) Programming Error Types ("PETs"), which are easily identifiable and correctable, and Programing Alert Error Types ("PATs"), which are prone to making the website inaccessible.

64. A sampling review of just part of the Defendant's website and APPs revealed that the website and APPs are not functional for users who are visually impaired. The Defendant's website and APPs contain several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

1) The language of the document is not identified;
2) Unlabeled buttons;
3) Visual information such as account balances not communicated to non-sighted users;
4) Image alternative text is not present; and
5) form controls do not have a corresponding label.

65. Further, the Defendant's website and APP, contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is insufficient and contains extraneous information;
2) An event handler is present that may not be accessible;
3) A heading level is skipped;
4) Flash content is present;
5) Adjacent links go to the same URL; and
6) A link contains no text.

66. More violations may be present on other pages of the website and APP, and they will be determined and proven through the discovery process.

67. Further, the Defendant's website and APP did/does not offer include the universal symbol for the disabled, which would permit disabled individuals to access the website's accessibility information and accessibility facts.

68. Therefore, due to the Plaintiffs disability and the Defendant's failure to have its websites and APP adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's websites and APP.

69. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to its websites, to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations are ongoing.

70. That the defendant VANTAGE WEST, failed to properly train and teach their employees on how to deal with disabled and visually impaired customers that called to complain about the accessibility of their various websites and APP.

71. As a result of the Defendant's inadequate development and administration of their websites and APP, the plaintiff WARREN GERS is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

72. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff WARREN GERS injunctive relief; including an order to: a) Require Defendant to adopt and implement a web accessibility policy to make publicly available and directly link from their websites and APP to a statement as to VANTAGE WEST's policy and approach and means of manually testing for accessibility to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, at Vantage West, and accommodations through its website, and b) Require Defendant to cease and desist discriminatory practices and if necessary to cease and desist operations of the various websites and APPs until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

73. Plaintiff WARREN GERS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff WARREN GERS is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant.

## **COUNT II - NEGLIGENCE**

15

74. Plaintiff WARREN GERS re-alleges and incorporates by reference the allegations set forth in ¶s 1-73 above.

75. That the defendant had a duty to create and institute on a websites and APPs for individuals with disabilities as well as a link and information hotline and had to create an information portal explaining when and how the Defendant will have its website, applications, and Digital Assets accessible to the visually impaired community.

76. That the defendant had a duty in accordance with the custom and practices of the industry to have their websites and APPs meet the Web Content Accessibility Guidelines ("WCAG") 2.0 AA or AAA, Basic Level of web accessibility, in order for the visually impaired to be able to use their websites and APPs effectively and as easily as a person without a disability.

77. That the defendant, knew or should have known that their websites and APPs were inaccessible to the visually impaired and through their negligence, carelessness, recklessness and blatant disregard for their duty, allowed their website and APPs to remain inaccessible to the visually impaired despite complaints about the inaccessibility of their website.

78. That the plaintiff herein repeatedly complained to the defendant that their website and APP was in fact inaccessible to him and that as a result of their actions and/or inactions, there was injury caused to the plaintiff including economic damages, humiliation, emotional distress and loss of enjoyment of life.

16

79. That the employees, agents, contractors and servants of the defendant VANTAGE WEST were not trained properly to deal with these complaints or were trained to deny all allegations of inaccessibility further causing humiliation to the plaintiff.

80. That the defendant VANTAGE WEST, failed to properly train and teach their employees on how to deal with disabled and visually impaired customers that called to complain about the accessibility of their various websites and APP.

81. That as a result of the negligence, carelessness, recklessness and blatant disregard of the defendant, the plaintiff suffered humiliation, emotional distress, loss of enjoyment of life and psychological damages and was damaged in the amount of $1,000,000.00.

## <u>COUNT III – INTENTIONAL CONDUCT OF THE DEFENDANT</u>

82. Plaintiff WARREN GERS re-alleges and incorporates by reference the allegations set forth in ¶s 1-81 above.

83. That the defendant had a duty to create and institute a websites and APPs for individuals with disabilities as well as a link and information hotline and had to create an information portal explaining when and how the Defendant will have its website, applications, and Digital Assets accessible to the visually impaired community.

84. That the defendant had a duty in accordance with the custom and practices of the industry to have their website meet the Web Content Accessibility Guidelines ("WCAG") 2.0 AA and/or AAA Basic Level of web accessibility, in order for the visually impaired to be able to use their website and APPs effectively and as easily as a person without a disability.

85. That the defendant, intentionally and willfully disregarded their duty to the plaintiff, willfully disregarded the repeated complaints of the plaintiff and those similarly situated and allowed their websites and to remain inaccessible to the visually impaired despite numerous and continuous complaints about the inaccessibility of their websites APPs.

86. That the defendant VANTAGE WEST willfully, deliberately and intentionally trained their customer service representatives to convince their disabled and visually impaired customers that there was nothing wrong with their inaccessible websites causing humiliation, emotional distress, psychological injuries and loss of enjoyment of life.

87. That as a result of the willfulness, deliberateness and intentional actions of the defendant the plaintiff is entitled to punitive damages.

88. That as a result of the intentional conduct and willful disregard the plaintiff seeks punitive damages in the amount of $3,000,000.00.

**WHEREFORE**, Plaintiff WARREN GERS hereby demands judgment against Defendant and requests the following injunctive and declaratory relief:

a) The Court issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by the ADA;

b) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant from operating its websites and/or APPs without adequate accommodation for the visually impaired community;

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

c) The Court enter an Order requiring Defendant to update websites and/or APPs to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

d) The Court enter an Order requiring Defendant to clearly display the universal disabled logo within its various websites, wherein the logo would lead to a page which would state defendant accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the defendant's websites.

e) The Court enter an Order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website manual accessibility testing team, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

f) The Court enter an Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures for their websites and APPs.

g) The Court enter an Order directing Defendant to establish a policy of web accessibility and accessibility features reflecting how and when such goals would be achieved for their various websites and/or APPs.

h) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff;

i) An award of at least $1,000,000.00 in compensatory damages;

j) An award of at least $3,000,000.00 in punitive damages; and

k) That the Court award interest and attorney's fees;

l) That the Court award any other and further relief as it deems just and proper.

Dated August 15, 2019.

KIRSCH-GOODWIN & KIRSCH, PLLC

By: /s/ *Lori Kirsch-Goodwin*_____
Lori B. Kirsch-Goodwin, Esq.
Hope N. Kirsch, Esq.
8900 E. Pinnacle Peak Rd., Suite 250
Scottsdale, Arizona 85255
*Attorneys for Plaintiff Warren Gers*

20